**DETROIT FIDELITY & SURETY CO. et al.**
**v. McKINNON.**

No. 11606.

Court of Civil Appeals of Texas. Dallas.

April 20, 1935.

Rehearing Denied June 1, 1935.

Jouette M. Bonner, of Tyler, for plaintiff in error.

Pollard & Lawrence and E. Ewing Smith, all of Tyler, for defendant in error.

LOONEY, Justice.

Phillip McKinnon sued A. W. Philips, owner of an oil and gas lease on land in Van Zandt county, to recover for labor incident to the drilling of an oil well, and the Detroit Fidelity & Surety Company was sued as surety for Philips on a bond given for the release of a perfected lien claimed by McKinnon on said leasehold, and the material, equipment, rig, boiler, etc., used in connection with the drilling. The defendants answered, and the surety company, in a cross-action, asked for judgment over against Philips for any sum that might be rendered against it on the bond. The case was tried to the court, without a jury, and during the progress of the hearing it developed, to the surprise of attorneys for both parties, that plaintiff was a minor, so his father, B. H. McKinnon, was permitted to prosecute the suit as next friend. At the conclusion of the evidence, judgment was rendered in favor of plaintiff against both defendants, jointly and severally, for the sum of $220, with interest at the rate of 6 per cent. per annum from January 1, 1932, and an additional sum of $50, as attorney's fee, from which the Detroit Fidelity & Surety Company appealed by writ of error.

Without discussion, we overrule all assignments and propositions urged for re-

versal, except the contention that the court erred in allowing as a part of the judgment the $50 attorney's fee. The bond sued upon, not being statutory, but a common-law obligation, contains no provision, so far as disclosed by the statement of facts, for the payment of an attorney fee; hence the judgment allowing same is, in that respect, erroneous and must be reformed.

The judgment, therefore, is reformed by deleting the $50 allowed as attorney's fee, and, as reformed, is affirmed. Costs of the appeal will be taxed against appellee.

Reformed and affirmed.